NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MIGUEL MENCHACA-RAMIREZ,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No.⠀⠀2D13-3152
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed December 17, 2014.

Appeal from the Circuit Court for Polk
County; Roger A. Alcott, Judge.

Joseph ThurdeKoos of Maney &
Gordon, P.A., Orlando, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes,
Assistant Attorney General, Tampa,
for Appellee.


KELLY, Judge.

⠀⠀⠀⠀⠀Miguel Menchaca-Ramirez appeals from the order denying his Motion to

Vacate/Set Aside Judgment and Sentence under Florida Rule of Criminal Procedure

3.850.⠀We reverse the order and remand for further proceedings.

In 2008, Menchaca-Ramirez entered a nolo contendere plea to uttering a forged instrument, driving while license suspended (habitual offender), and several other offenses. He was adjudicated guilty and sentenced to a total of 364 days in jail followed by two years' probation. In 2011, Menchaca-Ramirez admitted to violating his probation. The court revoked Menchaca-Ramirez's probation and sentenced him to concurrent terms of fourteen months' incarceration on the uttering a forged instrument and driving while license suspended convictions; the sentences on the remaining counts were unchanged.

Thereafter, Menchaca-Ramirez sought to withdraw his admission to violating his probation on the ground that it was involuntary. He claimed that his counsel did not advise him that under the Immigration and Nationality Act, a sentence exceeding one year would aggravate his two convictions for uttering a forged instrument making him deportable with no ability to seek relief.[1] Menchaca-Ramirez contended that if counsel had informed him he would be ineligible to request relief in removal proceedings he would not have admitted the violation and would have proceeded to trial.

The postconviction court held an evidentiary hearing on Menchaca-Ramirez's motion. No testimony was taken as Menchaca-Ramirez had been deported, and the court accepted the stipulation of defense counsel that she advised Menchaca-Ramirez that his admission "may" have immigration consequences and that he should

---

[1]See 8 U.S.C. § 1227(a)(2)(A)(i) (2012) (stating that any alien who is convicted of a crime of moral turpitude and receives a sentence of one year or longer is deportable); 8 U.S.C. § 1229b(b)(1)(C) (2012) (providing that the attorney general can cancel removal under certain circumstances but not if the alien has been convicted under 8 U.S.C. § 1227(a)(2) (2012)).

talk to an immigration lawyer if he was concerned. The court cited the transcript of the 2011 plea colloquy where the court informed Menchaca-Ramirez, "if you are not a United States citizen, this plea would subject you to deportation." The court found this language sufficient to place Menchaca-Ramirez on notice of the immigration consequences of his plea and denied the motion.

"[W]hen the deportation consequence [of a plea] is truly clear . . . the duty to give correct advice is equally clear." Padilla v. Kentucky, 559 U.S. 356, 357 (2010). Here, unlike his original plea, Menchaca-Ramirez's admission to the probation violation resulted in his mandatory deportation and eliminated his eligibility for deportation relief. Under these particular circumstances, even if the trial court's deportation warning during the plea colloquy is considered sufficient, it does not cure the prejudice resulting from counsel's failure to advise Menchaca-Ramirez of the "truly clear" deportation consequences of his admission as required by Padilla. See Hernandez v. State, 124 So. 3d 757, 763 (Fla. 2012).

Reversed and remanded.


BLACK, J., Concurs.
ALTENBERND, J., Concurs specially.

- 3 -

ALTENBERND, Judge, Specially concurring.

This is an unfortunate case, but I am not certain that the postconviction court will be able to repair matters on remand. Mr. Menchaca-Ramirez is nearly fifty-nine years old and came to this country from Mexico as a teenager. All seven of his children are U.S. citizens. He apparently was a lawful permanent resident of this country, although he may not have understood his status.

His convictions are for driving without a valid license and uttering a forged instrument. His violation of probation seems to have been another conviction for driving without a valid license. These charges allegedly are related to his efforts to stay in this country while his status was unclear to him. One way or the other, they are minor criminal offenses.

If the trial court and the lawyers had appreciated that a sentence of fourteen months' incarceration would subject this man to deportation, it seems highly unlikely that he would have received this sentence. Without that knowledge, the short sentence with credit for time served undoubtedly seemed to be a minimal and appropriate punishment.

The ineffective assistance that Mr. Menchaca-Ramirez received occurred at the hearing on his violation of probation in 2011. Thus, on remand, there is no basis to set aside his convictions from 2008. On remand, the postconviction court should set aside the order of revocation and probably the new conviction and sentence for driving without a license. Even though the sentence imposed on the order of revocation is fully served, it might be possible for the postconviction court to enter a new order of revocation with a sentence that would not necessitate this man's deportation.

But Mr. Menchaca-Ramirez obviously will not be able to attend these proceedings or provide live testimony. Perhaps he can resolve these matters from Mexico in a fashion that will allow him to return to his family in the United States, but there is no question that our mandate will be a challenge for the postconviction court.